UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>BRIANA WATERS,<br><br>  Defendant. | Case No. CR05-5828FDB<br><br>ORDER DENYING MOTION FOR PRODUCTION OF SURVEILLANCE DATA AND MATERIAL |

Waters is charged with conspiracy to commit arsons and other crimes claimed by the Earth Liberation Front (ELF) and the Animal Liberation Front (ALF) between 1996 and 12001, and with substantive crimes relating to her actual participation in one such crime, the 2001 arson of the University of Washington Center for Urban Horticulture.

Defendant Waters moves for production of surveillance data and material, asking the Government to disclose whether there are records in the possession of the Executive Branch of the United States Government that document illegal spying on those suspected of ELF/ALF actions (referencing the Earth Liberation Front and the Animal Liberation Front). Specifically, Waters seeks an order requiring a declaration under oath by someone with personal knowledge with the authority to speak on behalf of the Government, its intelligence agencies, and contractors, and who can definitively answer whether there were warrantless interceptions of electronic communications (including phone and email) by the National Security Agency and/or the Department of Justice of

ORDER - 1

1  individuals or organizations suspected of either being in or sympathizing with the Earth Liberation
2  Front or Animal Liberation Front or the defendants in this case or in the related Oregon case, *United*
3  *States v. Dibee, et al.* (06-CR-60011, D. Or.).

4        The Government responds that it has produced, or shortly will finish producing, all of the
5  surveillance materials obtained, or received, by the various agencies involved in this investigation.
6  The Government summarizes the development of the investigation, indicating an early focus on a
7  woman known as an environmental activist, and when she disappeared, a focus directed upon her
8  boyfriend, as evidence indicated that he had been involved in arsons, and he agreed to cooperate with
9  law enforcement. Other persons were charged, some began to cooperate, and to date 18 persons
10 have been charged in the Districts of Western Washington and Oregon with participating in the
11 conspiracy.

12       Additionally, the Government argues that Waters' request does not fall within Fed. R. Civ. P.
13 16 as she has not explained the relevance of any statements intercepted by another government
14 agency or that such statements would be within the government's possession, custody, or control.
15 The Government argues that a "federal prosecutor need not comb the files of every federal agency
16 with might have documents regarding the defendant in order to fulfill his or her obligations under
17 Rule 16(a)(1)(C)." *United States v. Bryan*, 868 F.2d 1032, 10036 (9th Cir. 1989). Possession,
18 custody, or control of the government for Rule 16 purposes includes government agencies "closely
19 connected to the prosecutor." *United States v. Jordan*, 316 F.3d 1215, 1249 (11th Cir. 2003). With
20 respect to statements by others, under Rule 16, documents and objects in the government's
21 possession, custody, or control must be produced if it is material to preparing the defense and the
22 government intends to use the item in its case-in-chief at trial or it was obtained from or belongs to
23 the defendant. The Government states that possible interceptions of other individuals are not in its
24 possession, custody, or control and that it does not intend to use any such statements.

25       The Government states that it has disclosed, or shortly will disclose, the only electronic
26 ORDER - 2

surveillance conducted or compiled as part of this investigation.  The Government states that it is mindful of its duty to disclose exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83 (1963) and of its "duty to search files maintained in branches of government 'closely aligned with the prosecution.'" *United States v. Brooks*, 966 F.2d 1500, 1503 (D.C. Cir. 1992).  Thus, the Government argues that the NSA and any similar agency whose supposed surveillance Waters seeks to discover are not agencies acting on the Government's behalf in this case, and even if the hypothesized surveillance did exist, it would be outside the Government's obligations under *Brady*.

Additionally, the Government's obligation under the Jencks Act extends only to statements held by the prosecutorial arm of government, *see United States v. Merlino*, 349 F.3d 144, 155 (3d Cir. 2003), and the NSA is not part of the prosecutorial arm of government.

The Government argues in conclusion that Waters has not established a substantial reason to believe that the NSA or any similar agency engaged in illegal surveillance of her or her co-conspirators, and even if there had been such surveillance, Waters has not established any reason to believe that the surveillance contributed to any evidence in this case.  The Government indicated that it contacted the National Security Section at the Department of Justice and states regarding that contact:

> Pursuant to instructions from that section, the Government is not– and could not – include in this response any statement or affidavit from agents who conducted this investigation that they are not aware of any information from the NSA that was incorporated in, or relied upon, in this investigation or any statement from any official at the NSA.  Any such statement regarding NSA information – even a denial of its existence – would be classified and would require invocation of the Classified Information Procedures Act (CIPA).  The National Security Section, rather than the United States Attorney's Office, would produce, and conduct any litigation relating to, the information.

(Government's Response, pp. 13–14, n. 1.)

Having considered the submissions of the parties, the Court concludes that Defendant Waters' Motion must be denied.  Waters' speculation about the likelihood of surveillance of ELF or ALF activists is simply insufficient to warrant the relief requested.

ORDER - 3

1   ACCORDINGLY, IT IS ORDERED: Defendant Waters' Motion for Production of
2   Surveillance Data and Material [Dkt. # 51] is DENIED.
3   DATED this 19th day of December, 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 4