1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
9                                    AT TACOMA

10   UNITED STATES OF AMERICA,

11            Plaintiff,

12                                                   Case No. CR05-5828FDB
          v.
13                                                   ORDER GRANTING THE UNITED
     BRIANA WATERS,                                  STATES' MOTION FOR SALIVA
14                                                   SAMPLE
              Defendant.
15
          The United States moves for a saliva sample from Briana Waters in order that they may
16
     compare her DNA sample with that of hairs found at (1) the site of the arson of the Center for Urban
17
     Horticulture attached to a piece of broken glass outside the window that the arsonists cut in order to
18
     gain access, and at (2) the former residence of Defendant Justin Solondz when investigators found a
19
     black plastic bag that contained various items of dark clothing, including a knit cap, gloves, a
20
     stocking cap, a wig cap, a dome cap, and a shower cap, on which multiple brown hairs were
21
     attached.  The hairs found at these locations are brown, and Defendant Waters' hair is light brown or
22
     dark blonde.
23
          While it is well settled that a suspect may be required to provide a DNA sample, *see, e.g.,*
24
     *United States v. Bonds*, 12 F.3d 540, 549 (6th Cir. 1993), courts have differed in whether the United
25

26   ORDER - 1

1  States need show a "reasonable suspicion," *see United States v. Noble*, 433 F. Supp. 2d 129, 134-35

2  (D. Me. 2006) or whether it must show "probable cause," *see, e.g. In re Grand Jury Proceeding*,

3  455 F. Supp. 2d 1281, 1286 (D. N.M. 2006).

4       The Government argues, that whatever standard applies, in this case both standards have

5  been met.  DNA analysis has already excluded three other defendants – William Rodgers, Lacey

6  Phillabaum, and Jennifer Kolar – as the source of the hair, and a fourth defendant, Justin Solondz, is

7  still a fugitive.  The Government also reasons that because Waters and Solondz were involved in a

8  romantic relationship for two or more years during the conspiracy and lived together, and because

9  there is strong evidence that they participated in at least two arsons together, there is, therefore, a

10  strong possibility that Waters wore one or more items of clothing found in the cabin, which was the

11  type of clothing that the conspirators typically wore when committing the arsons.

12       Defendant Waters opposes the motion for a saliva sample arguing that the most consistent

13  thing witnesses claim is that Waters was the "lookout" and was blocks away from the University of

14  Washington building at the time of the fire; and that as to the Susanville arson, only Stanislaw

15  Meyerhoff apparently claims that Waters was present there, although in past interviews he has stated

16  that Waters looked familiar, but was not involved.  Moreover, Defendant contends that the

17  Government has not revealed the genetic profile connected with the hairs found at Defendant

18  Solondz's home in 2007 and whether they match the profile of the hairs from the University of

19  Washington site.

20       Defendant Waters argues that there is no distinction between blood and saliva for Fourth

21  Amendment purposes, *see United States v. Noble,* 433 F. Supp. 2d 129, 133-34 (D. Me. 2006), and

22  that the Ninth Circuit has never adopted a standard less than probable cause, *see Crowe v. County of*

23  *San Diego*, 359 F. Supp. 2d 994, 1023 (S.D. Ca. 2005)(relying on *United States v. Wright*, 215 F.3d

24  1020 (9th Cir. 2000) ("Intrusions into the human body, including the taking of blood, are searches

25  subject to the restrictions of the Fourth Amendment. ...  In order to pass Fourth Amendment muster,

26  ORDER - 2

1    a warrant must be supported by probable cause.") *Wright* also points out that "... the relevant inquiry

2    looks to the totality of the circumstances, that is, whether "given all the circumstances set forth in the

3    affidavit before [the magistrate] ... there is a fair probability that contraband or evidence of a crime

4    will be found in a particular place."

5            Applying the probable cause standard in resolving the issue, under all the circumstances,

6    there is probable cause to believe that Briana Waters' DNA may match that of the hair found at the

7    site of the Center for Urban Horticulture at the University of Washington or that of the hair on the

8    items found in a plastic bag at the former residence of fugitive Defendant Justin Solondz.

9            ACCORDINGLY, IT IS ORDERED: The United States' Motion for a Saliva Sample [Dkt. #

10   167] is GRANTED, and Defendant Waters shall supply a sample of her saliva to Special Agents of

11   the Federal Bureau of Investigation (FBI), which sample is to be taken by FBI Agents in accordance

12   with the FBI's standard procedures for the collection of saliva samples.

13

14           DATED this 5th day of September, 2007.

15

16   _____

17           FRANKLIN D. BURGESS
             UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26   ORDER - 3