UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>KEVIN TUBBS, JOSEPH DIBEE, JOSEPHINE S. OVERAKER, JUSTIN SOLONDZ, and BRIANA WATERS,<br><br>  Defendants. | Case No. CR05-5828FDB<br><br>ORDER DENYING DEFENDANT WATERS' MOTION TO DISQUALIFY PROSECUTOR |

Defendant Waters moves to disqualify AUSA Andrew Friedman from participation as an attorney in this case because of his participation in the production of a 302 report, which Defendant Waters contends suppressed critical evidence. Waters asserts that she "... fully intends to question Special Agents Halla and Torres about the quality of their work and the accuracy of their 302s, as well as Agent Halla's deceptive testimony before the grand jury." She contends that this will be difficult, however, with AUSA Friedman being in the courtroom and possible delivering closing argument. Waters asserts that because AUSA Friedman was involved with the interview of Jennifer Kolar and in the preparation of the 302, it will be impossible for the jury to determine Agents Halla's and Torres' credibility without also determining AUSA Friedman's

ORDER - 1

credibility. Thus, because AUSA Friedman has become a witness in the case, he cannot continue as the prosecutor.

The Government responds that the motion is not only without merit, it is also untimely, having been filed after the motion cut-off date of March 2, 2007.

This motion concerns the interview of Jennifer Kolar on December 16, 2005 wherein she, accompanied by her attorney, Michael Martin, met with FBI Special Agents Ted Halla and Anthony Torres and AUSA Andrew Friedman. The May 21, 2001 arson of the University of Washington Center for Urban Horticulture was discussed, during which, Kolar did not identify Briana Waters as one of the persons who committed the arson, but described as participants a girl from Capitol Hill and her punk boyfriend Crazy Dan, and herself and Avalon (William Rodgers). Kolar's Counsel Michael Martin will testify that on December 29, 2005, Kolar called him and said that she remembered that the lookout at the University of Washington arson was Briana Waters. At Kolar's direction, Mr. Martin called AUSA Friedman on approximately January 5, 2006 and provided Waters' name and described her role in the arson.

It is important that a party moving to disqualify a prosecutor make a strong showing of necessity. *See, e.g., United States v. Bolden*, 353 F.3d 870, 878 (10th Cir. 2003)("The disqualification of Government counsel is a drastic measure and a court should hesitate to impose it except where necessary.") A "party seeking such testimony [of a prosecutor] must demonstrate that the evidence is vital to his case, and that his inability to present the same or similar facts from another source creates a compelling need for the testimony." *United States v. Watson*, 952 F.2d 982, 986 (8th Cir. 1991); *see also, United States v. Tamura*, 694 F.2d 591 (9th Cir. 1982)(requiring a compelling need for a prosecutor to testify). A defendant "has an obligation to exhaust other available sources of evidence before a court should sustain a defendant's efforts to call a participating prosecutor as a witness." *United States v. Prantil*, 764 F.2d 548, 554 (9th Cir. 1985). While AUSA Friedman participated in the Kolar interview, he did so with two FBI Special Agents, who are

ORDER - 2

available to testify about the interview.  Moreover, Waters' counsel will be able to cross-examine Kolar.   Waters has not made the required showing of necessity to call AUSA Friedman as a witness.

NOW, THEREFORE, IT IS ORDERED: Defendant Waters' Motion To Disqualify Prosecutor [Dkt. # 186] is DENIED.

DATED this 13th day of September, 2007.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3