UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN TUBBS, JOSEPH DIBEE, JOSEPHINE S. OVERAKER, JUSTIN SOLONDZ, and BRIANA WATERS,<br><br>Defendants. | Case No. CR05-5828FDB<br><br>ORDER DENYING MOTION TO DISMISS THE INDICTMENT, COMPEL PARTICULAR DISCOVERY, CONDUCT AN EVIDENTIARY HEARING, AND/OR BAR ONE OR MORE WITNESSES<br><br>(Dkt. # 151) |

Defendant Briana Waters brings a "Motion To Dismiss The Indictment, Compel Particular Discovery, Conduct an Evidentiary Hearing, and/or Bar One or More Witnesses [Dkt. # 151]. Waters asserts that there has been Government misconduct: suppression of evidence of Waters' innocence, preparation of fraudulent 302s, and presenting misleading testimony to the grand jury. Waters asks the Court to order that FBI Special Agents Torres and Halla be deposed, that all versions of the 302s for Kolar interviews be disclosed, access to the FBI server to examine digital evidence, the FBI's "serialization" index, and for Kolar and all witnesses, handwritten interview notes, emails or written memoranda re proffers, and grand jury testimony regarding Jennifer Kolar.

ORDER - 1

This motion arises from Defendant Waters' speculation surrounding the 302 reports of the December 16, 2005 Kolar interview by FBI Special Agents Halla and Torres. Waters takes issue with the "delay" in providing Kolar 302 reports, asserts that the agents' notes do not correspond with the 302 reports, and assert, therefore, that misleading testimony was presented to the grand jury. Notwithstanding the Government's response, Defendant Waters insists that her concern is what the Government has done and continues to do – "to hide from the defendant highly exculpatory statements that Jennifer Kolar made on December 16, 2005 and February 4, 2006" and that "the FBI agents and prosecutors have engaged in, and continue to engage in, misconduct."

On December 16, 2005, Jennifer Kolar and her attorney, Michael Martin, met with FBI Special Agents Ted Halla and Anthony Torres and AUSA Andrew Friedman. On December 18, 2005, Agent Halla began preparing a report of the interview; the date the report is begun is used as the "Date of Transcription." On January 6, 2006, Michael Martin called AUSA Friedman to tell him Kolar had identified Briana Waters as a participant in the University of Washington arson. On February 4, 2006, Agents Halla and Torres and Kolar visited some Olympia locations that were relevant to the investigation. Halla Kolar whether Briana Waters and Lacy Phillabaum were close friends, and Kolar responded in substance that she did not remember Briana and Lacey together. Halla, wrote in his report that Kolar did not recall Briana and Lacey being close friends.

While there is no general constitutional right to discovery in a criminal case, the Government has a general obligation under *Brady v. Maryland*, 373 U.S. 83 (1963) to disclose evidence that is favorable to the accused and material to guilt or punishment. *See U.S. v. Presser*, 844 F.2d 1275, 1281 (6th Cir. 1988). The U.S. Supreme Court has emphasized the basis of the rule:

> [t]he *Brady* rule is based on the requirement of due process. Its purpose is not to displace the adversary system as the primary means by which truth is uncovered, but to ensure that a miscarriage of justice does not occur. Thus, the prosecutor is not required to deliver his entire file to defense counsel, but only to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial.

ORDER - 2

*United States v. Bagley*, 473 U.S. 667, 675 (1985). Nevertheless, the Ninth Circuit reaffirmed in *United States v. Alvarez*, 358 F.3d 1194 (9th Cir. 2004) the following principle: "'When the defense seeks evidence which qualifies as both Jencks Act and Brady material, the Jencks Act standards control.' *United States v. Jones*, 612 F.2d 453, 455 (9th Cir. 1979)." 358 F.3d at 1211. Under the Jencks Act, any "statement" (18 U.S.C. § 3500(e)) in the government's possession related to the subject matter of a government witness's testimony shall not "be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case" (18 U.S.C. § 3500(a)). Disclosure of *Brady* material on the day the witness testifies was deemed appropriate in *United States v. Coppa*, 267 F.3d 132, 144 (2nd Cir. 2001).

    Here, the Government has provided the reports and notes at issue months before the trial date. Misconduct cannot rationally be concluded from the so-called discrepancies pointed to by Waters in the discovery produced by the Government. Waters sees a cover-up of exculpatory information in the 302s in that they change the names of participants in the University of Washington arson from "Crazy Dan," "Capitol Hill Girl" and her "punk boyfriend" to "Others." This is explained by the Government that the agents understood Kolar to be sure of only two participants – herself and "Avalon." Kolar's attorney called AUSA Friedman with the information that Kolar recalled that Briana Waters was the lookout. This information would not be the subject of an FBI special agent's 302, as it was not revealed in the context of an FBI interview. In any event, the information was produced, and while Waters complains of not being informed of this "supposed event," there is no misconduct in the production of the FBI's 302s of the Kolar interview nor in the production of the information from Kolar's attorney Michael Martin.

    Waters asserts that there has been delay in the production of Jennifer Kolar's 302s, but in early September 2006, the Government provided to Waters the interview reports of Kolar, Phillabaum, and another cooperating witness, but inadvertently left out Kolar's December 16, 2005 interview. When Waters raised this omission in November 2006, the report was provided. The

ORDER - 3

1  interview reports were provided months earlier than is required.

2  Waters contends that the dates of the 302 reports indicating when they were written and
3  when they were officially made part of the case file ("serialized"), proves that the government was
4  engaged in intentional misconduct altering this report over this long period.  (55 days: December 16,
5  2005 to February 9, 2006).  The Government has reviewed the time between interview and
6  serialization of the 302 reports of various witnesses, revealing that this time frame is not unusual.

7  Waters has failed to demonstrate a violation of the discovery rules, the Jencks, Act, or *Brady*,
8  or that the Government has engaged in misconduct.  Waters' motion will be denied in full, and an
9  evidentiary hearing is unwarranted.

10  NOW, THEREFORE, IT IS ORDERED: Defendant Waters' Motion To Dismiss the
11  Indictment, Compel Particular Discovery, Conduct an Evidentiary Hearing, and/or Bar One or More
12  Witnesses [Dkt. # 151] is DENIED.

13  DATED this 17th day of September, 2007.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 4