UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>   v.<br><br>KEVIN TUBBS, JOSEPH DIBEE, JOSEPHINE S. OVERAKER, JUSTIN SOLONDZ, and BRIANA WATERS,<br><br>            Defendants. | Case No. CR05-5828FDB<br><br>ORDER DENYING DEFENDANT WATERS' MOTION TO LIMIT COUNT 6 OF THE INDICTMENT TO ARSON OF A BUILDING USED IN INTERSTATE COMMERCE |

Defendant Waters moves to limit Count 6 (charging use of a destructive device during a crime of violence pursuant to 18 U.S.C. § 924(c)) of the Fourth Superseding Indictment to arson of a building used in interstate commerce as charged in Count 5.  Because of the five-year statute of limitations for violations of 18 U.S.C. § 924(c), Waters argues that Count 7 charging arson of a building belonging to an institution receiving Federal financial assistance, which has a ten-year limitation period, would impermissibly expand the predicate for a crime of violence under Section 924(c), which has a five-year limitation period.  Defendant concedes that Counts 5 and 6 are within the five-year limitation period.

The Government argues that the language of Count 6 identifies the predicate offense only as

ORDER - 1

"the arson of the Center for Urban Horticulture at the University of Washington"; the count does not allege that this predicate offense involved destruction of a building in interstate commerce or that it involved destruction of a building of an institution receiving Federal financial assistance (18 U.S.C §§ 844(i) & (f), respectively.

Defendant Waters counters the Government's response arguing that "arson" is not in and of itself a crime, that it must refer to a specific offense, under a particular criminal code, with particular elements. Thus, the only arson offense that Waters was accused of in Count 5 was arson of a building in interstate commerce. Waters concludes that the import of the difference is providing notice to an accused, and Waters only received notice that she was charged with arson of a building in interstate commerce, § 844(k) and use of a destructive device during that arson under § 924(c), and, therefore, that she is "entitled to the mental repose of not having to stand trial on a § 924(c) charge based upon an arson predicated on some other statutory section."

In *United States v. Randall*, 171 F.3d 195 (4th Cir. 1999), the Court noted that the Government has no obligation to specify the particular crime of violence underlying the 18 U.S.C. § 924(c) charge, but that

> if the government specifies in the indictment the § 924(c) predicate offense on which it is relying, "[a] conviction that rests, no matter how comfortably, on proof of another [predicate] offense cannot stand.

*Id.* at 205. In *Randall*, the indictment specified that the predicate offense of distribution of a controlled substance, but the jury instructions allowed conviction based on a different predicate offense – possession with intent to distribute – therefore, the Court reversed the convictions.

Waters acknowledges *Randall*, but argues that in the Second Superseding Indictment, the only arson offense that Waters was accused of committing was in Count 5, arson of a building in interstate commerce; therefore, Count 6 must have been based on such arson.

A reading of Count 6 reveals that Waters' argument lacks merit. Count 6 charges use of "a destructive device (an incendiary bomb), during and in relation to a crime of violence, to wit: the

ORDER - 2

1  arson of the Center for Urban Horticulture at the University of Washington, a crime for which they
2  may be prosecuted in a court of the United States." Count 6 provides notice that the use of a
3  destructive device during a crime of violence in relation to the arson of the Center for Urban
4  Horticulture at the University of Washington is being charged, and there is no qualification that the
5  building involved interstate commerce or that the building belonged to an institution receiving
6  Federal financial assistance. Count 5 is separate from Count 6, and Count 6 is sufficiently
7  informative of the offense charged.

8  ACCORDINGLY, IT IS ORDERED: Motion of Defendant Waters to Limit Count 6 of the
9  Fourth Superseding Indictment To Arson of A Building Used in Interstate Commerce [Dkt. # 170] is
10 DENIED.

12  DATED this 17th day of September, 2007.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3