UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>KEVIN TUBBS, JOSEPH DIBEE, JOSEPHINE S. OVERAKER, JUSTIN SOLONDZ, and BRIANA WATERS,<br><br>    Defendants. | Case No. CR05-5828FDB<br><br>ORDER RE WATERS' MOTION FOR DISCOVERY (Eight Requests)<br><br>(Dkt. # 174) |

Defendant Waters moves for production of eight categories of discovery that it has requested, but which had not been produced at the time of the motion. The Government responds that it has either already turned over the discovery, that it will be turned over shortly to the Court for an *in camera* review, or that the material is not discoverable because it is irrelevant. The Court rules as follows on the eight categories of discovery sought:

### *1. Presentence Materials*

This request is moot, as the Government has provided the presentence reports for *in camera* review so that the Court may order disclosure of part or all of the reports subject to a protective order, to which Defendant Waters has no objection.

### *2. Letter from Lacey Phillabaum to Judge Aiken in Support of Stanislas Meyerhoff*

This request is moot as Waters' counsel acknowledges receipt of a copy of the letter.

ORDER - 1

### *3.  Eugene Police Department Subpoena*

The Eugene Police Department has stated that it turned over all information regarding Lacey Phillabaum, the Seven Week Revolt and two of the overt acts charged in the Fourth Superseding Indictment (arson of SUVs in Eugene at the Joe Romania Chevrolet dealership and the arson at the Eugene Police Department Substation).  The Government has produced the materials from the Eugene Police Department relative to the two arsons charged as overt acts, and has inquired of the Eugene Police Department regarding Defendant Waters' contention that other materials were provided as well, but have been informed by Detective Greg Harvey that any additional materials regarding Lacey Phillabaum have been provided.  The Eugene arsons charged as overt acts in this case were allegedly committed by the members of Waters' conspiracy, but not by the broader group of revolting anarchists who were involved in the "Seven Week Revolt," an anarchist insurrection in Eugene directed at local government and taking place between May and June of 2000.  Accordingly, it appears that this request is moot as the information that the Government received from the Eugene Police Department relative to the two overt act arsons has been provided, and that the Government has received to other information from the police department other than what has been provided.

### *4.  Pima Canyon Arson*

Defendant Waters seeks discovery from the case involving the Pima Canyon arson, which is pending in the District of Arizona.  Stanislas Meyerhoff has admitted committing the Pima Canyon arson of an Arizona housing development in 2001.  Defendant Waters' counsel opines that while Lacey Phillabaum has not confessed to the Pima Canyon fire, "it would make sense that she was involved in it (or aware of it) given her intense connection with Mr. Meyerhoff and their relationship's association with arson."  Waters seeks discovery of the Pima Canyon Arson case "so that Mr. Meyerhoff's statements about the arson in his proffers can be compared to the evidence; and to determine if Mr. Meyerhoff was accompanied during this arson by his then girlfriend, Lacey Phillabaum."  (Def. Mtn. p. 3.)  In any event, Defendant argues that  full disclosure as required by

ORDER - 2

*Brady* and its progeny is required if the Government plans to use Meyerhoff as a witness.

The Government contends that with Meyerhoff's confession, no further disclosure is necessary, and the belief that Lacey Phillabaum participated in the arson with him is just speculation insufficient to support a request to compel discovery. Moreover, the Government contends that the Pima Canyon arson is an ongoing investigation and that disclosure of the facts of that investigation at this time would impede the investigation.

It is presumed that the Government is aware of its discovery obligations concerning its witnesses. As to discovery of information in another case, however, Defendant has not made a sufficient showing of need or relevance to discovery of information surrounding the investigation of the Pima Canyon arson. Discovery related to an arson in another district, which arson is not mentioned in the Fourth Superseding Indictment, and where there is only speculation that a witness in this case may have participated presents circumstances too attenuated to require a motion to compel. This request is denied.

### *5. Information about Joe Dibee's Computer*

Defendant Waters has requested information on a hard drive from Dibee's computer and about an encrypted email followed by Waters' address. The Government is continuing its attempt to decode the encryption, and has turned over more of Dibee's hard drives. Defense indicates that if the encrypted email is on one of those drives, the issue is moot. The Court, therefore, finds this request to be moot.

### *6. Evidence Maps*

Defendant Waters requests maps that detail the location of various items evidence at the Center for Urban Horticulture, and the Government has responded that it believes no such maps were prepared during the course of the investigation. This request is moot.

### *7. Lacey Phillabaum's Emails*

Defendant Waters seeks the emails of Lacey Phillabaum who has been incarcerated at FDC

ORDER - 3

Sea-Tac since January 28, 2007. The Government contends that Waters must show materiality in order to obtain such discovery. Waters replies that one would expect Phillabaum to discuss key facts about the case in her emails (her criminal actions, her desire to avoid a harsh sentence, whether she feels remorse, her love for Stanislaw Meyerhoff, why she has lied about Waters, for example.) Waters argues that there is no claim that emails from a prisoner at a federal correctional institution are protected by any right to privacy. *See United States v. Van Poyck*, 77 F.3d 285 (9th Cir. 1996)("... no prisoner should reasonably expect privacy in his outbound telephone calls." (Excepting properly placed telephone calls between a defendant and his attorney.) Waters has no objection to a magistrate judge being assigned to review *in camera* Lacey Phillabaum's emails.

Defendant's speculation about what might be contained in Lacey Phillabaum's email, if any, from the FDC Sea-Tac forms an insufficient basis for an order requiring their production. This request will be denied.

### *8. Contacts with Lacey Phillabaum before February 21, 2006*

Waters requests evidence of its contacts with Phillabaum before February 21, 2006, the date of her first proffer, given that her boyfriend Stanislas Meyerhoff was arrested in early December 2005. The Government responds that no such contacts occurred. This request is moot.

**NOW, THEREFORE, IT IS ORDERED**: Defendant Waters' Discovery Motion [Dkt. # 174] is found to be MOOT as to items Nos. 1, 2, 3, 5, 6, and 8; is DENIED as to item No. 4; and is DENIED as to item No. 7.

DATED this 17th day of September, 2007.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 4