UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

KEVIN TUBBS, JOSEPH DIBEE, JOSEPHINE S. OVERAKER, JUSTIN SOLONDZ, and BRIANA WATERS,

    Defendants.

Case No. CR05-5828FDB

ORDER DENYING WATERS' MOTION FOR RECONSIDERATION OF ORDER RE MOTION FOR DISCOVERY

    Defendant Waters moves for reconsideration of the Court's Order ruling that the issue regarding the Eugene Police Department (EPD) subpoena was moot because the information about the two arsons that EPD provided to federal investigators was given by the Government to the Defense. Waters asserts that while the EPD may have turned over information about the two arsons in Eugene, Waters sought to discover all information about Lacey Phillabaum and all information about the "Seven Week Revolt."

    The two Eugene Arsons charged in the overt acts in this case were alleged to have been committed by the members of Waters' conspiracy, not by the broader group of revolting anarchists.

    Nevertheless, Waters asserts that Lacey Phillabaum was a leader of the Revolt, and met with another likely Government witness, Stanislas Meyerhoff at one of the training camps that took place

ORDER - 1

around the time of the Revolt and learned how to build incendiary devices and timers. Waters also asserts that another Government witness, Jennifer Kolar was also involved, and along with Jacob Ferguson, Kevin Tubbs, and William Rodgers, used the revolt as an opportunity to plan more arsons. Waters argues that information about Government witnesses' criminal acts would be admissible at trial and that the Government is obligated to disclose any information it has or can obtain regarding the witnesses' credibility.

Fed. R. Crim. P. 608 (b), concerning evidence of character and conduct of a witness and "Specific instances of conduct," develops the exception to the general rule that character evidence is not admissible for the purpose of proving that the person acted in conformity therewith. The Rule uses the term "character for truthfulness" and provides in pertinent part as follows:

> **(b) Specific instances of conduct.** Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

Defendants have the constitutional right to confront witnesses against them. Defendants also may attack the character for truthfulness of the witnesses against them with specific instances of conduct if the conduct is probative of truthfulness. Waters has made no such showing as to the above-mentioned government witnesses. Reconsideration is not warranted.

ACCORDINGLY, IT IS ORDERED: Waters' Motion to Reconsider Order Re: Waters' Motion for Discovery [Dkt. # 235] is DENIED.

DATED this 2nd day of October, 2007.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 2