UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

KEVIN TUBBS, JOSEPH DIBEE, JOSEPHINE S. OVERAKER, JUSTIN SOLONDZ, and BRIANA WATERS,

Defendants.

Case No. CR05-5828FDB

ORDER DENYING DEFENDANT WATERS' MOTION REQUESTING THAT THE COURT CONDUCT A STATUS CONFERENCE

Defendant Briana Waters has filed a 21-page brief, with attachments A – G, requesting the Court to conduct a status conference as soon as possible, and, if possible, do so during the week of January 7, 2008. The request centers around assertions of prosecutorial misconduct and anticipation that the prosecution may call as a witness Michael Martin, attorney for Jennifer Kolar.

In Waters current motion, she acknowledges the numerous motions she has brought and points out her frustration with the Court not requiring oral argument on any of the motions nor having any proceeding thus far in open court. Additionally, Waters asserts that awaiting the pretrial conference scheduled for January 25, 2008 to resolve the issues in the instant motion "will significantly impede counsels' ability to effectively represent Ms. Waters." With respect to

ORDER - 1

misconduct allegations, Waters earlier brought a motion to disqualify the prosecutor, which was denied by Order entered September 14, 1007 [Dkt. # 228] and a motion to dismiss the indictment, compel particular discovery, conduct an evidentiary hearing, and/or bar one or more witnesses, which was denied by order entered September 17, 2007 [Dkt. # 229].  Nothing in Defendant Waters' assertions about the timing and content of the FBI agents' 302s convinces the Court to conclude that there has been misconduct, intentional failure to disclose, production of a fraudulent 302, or untimely production of discovery, nor is the Court persuaded to reconsider its earlier rulings in this case.

Waters also asserts there was prosecutorial fraud in August 2007 concerning the FBI Special Agents and AUSA Bartlett's understandings of Jennifer Kolar's first proffer on December 16, 2005. Having reviewed Defendant Waters' submissions on this issue, the Court rejects her conclusions and any renewed request for access to FBI computers and rejects as well any suggestion that other Department of Justice personnel should prosecute this case.  On August 15, 2007, AUSA Bartlett interviewed Jennifer Kolar who informed Bartlett that in the first proffer session of December 16, 2005, she identified herself, Rodgers, Capital Hill Girl, the punk boyfriend, and Crazy Dan as the perpetrators of the University of Washington arson.  On August 16, 2007, FBI Special Agent Halla executed a declaration stating that Kolar was only certain at that first proffer that she and Rodgers had committed the UW arson; on August 27, 2007 FBI Special Agent Torres executed a declaration that Kolar was only certain that she and Rodgers had committed the UW arson and no mention is made of Torres' handwritten notes identifying three other people; on August 17, 2007, AUSA Bartlett filed a pleading in response to a defense motion in which he stated that Kolar had only definitively identified herself and Rodgers as being involved in the UW arson; and on August 27, 2007, AUSA Bartlett filed his declaration that Kolar confirmed that at her first proffer she identified herself and four other people as perpetrators of the UW arson.  Waters concludes that the August 27, 2007 Bartlett Declaration proves that the August 16, 2007 Halla Declaration and the August 17, 2007 Torres Declaration constitute perjury, and that Bartlett's own August 17, 2007 pleading is

ORDER - 2

1  false. Waters restates her position that an examination of the FBI computers would reveal the fraud.
2  Waters brought these allegations to AUSA Bartlett's attention and suggested that with this alleged
3  perjury and obstruction of justice the Waters case ought to be prosecuted by Department of Justice
4  personnel not associated with AUSA Bartlett's office, which suggestion was rejected by AUSA
5  Bartlett's letter at Attachment D. Waters' characterization of the above allegations as "misconduct,"
6  and "fraud" that is "outrageous" is not supported by Waters' submissions. Certainly, there is no
7  conduct that is "so grossly shocking and so outrageous as to violate the universal sense of justice."
8  *United States v. King*, 200 F.3d 1207, 1213 (9th Cir. 1999).

9        Waters also suggests that FBI agents and the prosecutors engaged in the same kind of
10 misconduct regarding a February 4, 2006 interview with Jennifer Kolar. Waters contends that
11 Special Agent Halla's handwritten notes indicate that Kolar told the agents then that she "doesn't
12 remember [seeing] Briana [Waters] and Lacy [sic] together," citing to Attach. E, p. 01461 *sic*. [The
13 notes actually read: "Don't remember Briana & Lacy together," and the Bates numbered page is
14 014061.] Waters states that two days after the interview, the FBI prepared a 302 and that after a six-
15 month delay the Defense was provided with a "doctored version" of the 302 that omits "*the critical
16 exculpatory statement that was made by Kolar that she did not remember seeing Briana and Lacey
17 together,*" (italics and underscoring in original) and instead states that "Kolar did not recall Briana
18 and Lacey being close friends." Thus, concludes Waters, here is another fraudulent 302. This is
19 important because if Waters and Phillabaum, one of the admitted perpetrators, were not together,
20 Waters could not have been involved in the arson or in any planning meetings if Kolar did not see her
21 together with Phillabaum. On this showing, however, the Court cannot jump to the conclusion that
22 the referenced 302 was fraudulent.

23       Waters also cites other cases involving ELF/ALF prosecutions in this District wherein Waters
24 alleges that Special Agent Hall lied to a probation officer and that AUSA Friedman was using the
25 grand jury to harass an animal rights activist.

26 ORDER - 3

Waters also asserts that both Special Agent Halla and AUSA Friedman never informed the grand jury that indicted Waters that Jennifer Kolar had initially failed to identify Waters as a perpetrator, nor did they inform the grand jury that Kolar had identified four other perpetrators.

Having reviewed Waters' motion, the record herein, and being fully advised, Waters' Motion that the Court conduct a status conference as soon as possible must be denied.  The Court has already addressed the assertions of misconduct, and will not reconsider its orders.  Waters' concerns regarding Michael Martin's possible testimony need not be addressed at a special status conference two weeks ahead of the pretrial conference.

ACCORDINGLY, IT IS ORDERED: Defendant Waters' Motion Requesting That The Court Conduct A Status Conference [Dkt. # 253] is DENIED.

DATED this 7th day of January, 2008.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 4