UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>BRIANA WATERS,<br><br>  Defendant. | Case No. CR05-5828FDB<br><br>ORDER DENYING DEFENDANT WATERS' MOTION PURSUANT TO FED. R. CRIM. P. 29, 33, and 34 |

Defendant Waters moves pursuant to Fed. R. Crim. P 29(c) that the Court set aside the guilty verdicts on Counts 5 and 7 and enter a judgment of acquittal as to those counts; also, Waters moves that the Court enter a judgment of acquittal as to Counts 1, 4, and 6 on which the Jury could not reach a unanimous verdict. Pursuant to Fed. R. Crim. P. 33, Waters also moves that the jury verdict be set aside and a new trial ordered. Finally, Waters moves for arrest of judgment under Fed. R. Crim. P. 34 for lack of jurisdiction, this case having been tried in the Tacoma rather than the Seattle Division as required by Rules of this Court.

There is no showing that the evidence is insufficient to support a conviction, which is the standard for an acquittal under Fed. R. Crim. P. 29(c)(1). On the contrary, the Court concludes that the evidence to sustain the verdicts on Counts 5 and 7 was more than sufficient.

ORDER - 1

1      Similarly, the Court finds no evidence to support a conclusion that a new trial must be
2 granted in the interest of justice.  The record establishes sufficient and compelling evidence to
3 support the convictions.
4      Finally, the motion for arrest of judgment for lack of jurisdiction is plainly frivolous, as Local
5 Criminal Rule 18 is not a jurisdictional rule, but one for a convenient division of the Court's business.
6 The Court has already rejected a motion to reassign this case to the Seattle courthouse.  Moreover,
7 under Rule 18, the matter was appropriately brought in Tacoma, because there was a conspiracy
8 charge alleging that certain overt acts, including arsons occurred in Olympia, Washington, and
9 Waters committed numerous acts in Olympia that aided and abetted the arson of the Center for
10 Urban Horticulture at the University of Washington in Seattle.  For example, Waters' attending
11 planning meetings in Olympia; allowing co-defendant Justin Solondz access to the garage in which
12 she lived in Olympia to build incendiary bombs for the arson; and arranging for the rental car to be
13 used in the arson through her cousin who lived in Olympia.
14      ACCORDINGLY, IT IS ORDERED: Waters' Motion Pursuant to Fed. R. Crim. P. 29, 33,
15 and 34 [Dkt. # 376] is DENIED.
16      DATED this 28th day of March, 2008.

                                    FRANKLIN D. BURGESS
                                    UNITED STATES DISTRICT JUDGE

ORDER - 2