UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

BRIANA WATERS,

    Defendant.

Case No. CR05-5828FDB

ORDER AFFIRMING MAGISTRATE JUDGE'S DETENTION ORDER

    Defendant Waters appeals to this Court the Magistrate Judge's Detention Order and seeks release pending sentencing. The Court has considered the parties' memoranda, including the transcript of the detention hearing before the Honorable J. Kelley Arnold. Magistrate Judge Arnold carefully addressed the contentions raised by Waters at the hearing and rejected the issues that Waters now raises on appeal. This Court rejects Waters' arguments as well. Waters has not shown by clear and convincing evidence that she is unlikely to flee, nor has she clearly shown that there are "exceptional reasons" why she should not be detained.

    The argument that Waters is innocent, is unavailing as the jury, obviously disbelieving her testimony, concluded otherwise, based upon ample evidence adduced at trial, which the Government enumerated briefly in its appeal memorandum at p. 3. That evidence, in this Court's view, is sufficient to support the jury's verdict on the two counts of arson.

    The Defense argument of government misconduct or vindictiveness has been repeatedly advanced despite this Court's ruling numerous times that it found no such evidence. Magistrate Judge Arnold found Waters' allegation of vindictiveness concerning, but noted that he had never before heard such a claim as to the U. S. Attorney's Office in his fourteen years on the bench and that it is not the culture in this District. This Court agrees with that assessment. Magistrate Judge

ORDER - 1

Arnold then indicated that this Court's familiarity with the entire case rendered it more able to make a determination of the validity of Water's claims of vindictiveness.  Again, this Court finds no evidence of government misconduct or vindictiveness in this case.  Waters filed discovery motions, and this Court, in reviewing and ruling on them, concluded that the Government always was mindful of its discovery obligations, and discovery was provided to the defense well in advance of trial.  Waters suggested at the detention hearing, as she has in the past, that the Government may have substituted documents into a folder that Jennifer Kolar said was given to her by Waters.  This has never been more than a bald assertion without any evidence to back it up, and this Court concludes that there is no such evidence to find that such a substitution occurred.  While the Defense saw Government misconduct and vindictiveness in almost every perceived inconsistency, this Court found and still finds that there is no evidence for such a conclusion.  The Government brought its evidence before the Court and the jury in a thoroughly competent and professional manner, and this Court concludes that there is no evidence of prosecutorial misconduct or vindictiveness to be found in the pretrial activities or the trial of this case.  Neither does this Court find any vindictiveness in the Government's arguing for detention of Waters when Co-Defendants Lacey Phillabaum and Jennifer Kolar have been free pending sentencing.

     Magistrate Judge Arnold addressed the issue of Waters being treated differently from her co-defendants on the issue of detention.  Judge Arnold reasoned that while "at first blush" there may seem to be a concern,  looking a little deeper one finds that it is not a matter of who exercises their right to a trial and who does not – there is also the issue of who told the truth on the stand and the matter of cooperation.  Co-defendants Phillabaum and Kolar provided exceptional assistance to investigators in providing information about which the Government was unaware, but which was then confirmed by other, later-obtained evidence.  These co-defendants also demonstrated that they were not flight risks: Kolar declined an invitation to flee with Co-defendant Dibee, and Phillabaum elected to begin serving her time before she was sentenced.  Phillabaum and Kolar are simply not on

ORDER - 2

the same footing with Waters.  Furthermore, this Court notes the mandatory language of the statute, and the strong showing of clear and convincing evidence that the person seeking to be released is not likely to flee, plus "exceptional reasons" why a defendant's detention would not be appropriate. Against this background, the Government's arguing for Waters' detention does not evidence vindictiveness; rather, the Government attorneys are simply doing their job.

None of Waters' arguments for being freed pending sentencing are convincing in light of the statutory provisions and the jurisprudence flowing from the application of the statutes.   Waters' contention that separation from her daughter constitutes "exceptional reasons" why detention is not appropriate" do not meet the statute's requirements, and as Judge Arnold stated, "Ms. Waters isn't any different than any other criminal defendant who is a parent." (Tr. p. 43.)  As to showing clear and convincing evidence that she is not likely to flee, Waters has failed.  Waters having attended her trial and the return of the jury's verdict does not convince the Court that Waters will not flee, for she must have had hope of an acquittal by doing so.  The circumstances have now changed with the guilty verdict on two arson counts.  It is apparent that Waters presents a strong desire to be with her child, and this desire gives more evidence to conclude that she is more likely to flee with her child so that they could remain together.  The fact that the jury disbelieved Waters' testimony also undermines Waters credibility when she urges that she is not a fight risk, as well.  Neither can it be ignored that Co-defendants Justin Solondz (Waters former boyfriend), Joseph Dibee, and Josephine Overaker have apparently fled overseas.  Finally, it also appears that a network of activists and supporters may be available to assist Waters, as indeed Waters testified at trial that there have been friends and people who have donated to help her family afford a rental house in Tacoma during the trial.  A witness at trial stated that had she known about Waters' website that solicited funds for her defense, she would likely have contributed.

Accordingly, for all of the above reasons, the Court concludes that Waters does not meet the conditions for release under 18 U.S.C. § 3143(a)(2)  or 3145(c), and Magistrate Judge Arnold's

ORDER - 3

1  detention order must be affirmed.

2  NOW, THEREFORE, IT IS ORDERED: The detention order entered by Magistrate Judge
3  Arnold is AFFIRMED, and Defendant Waters is DETAINED pending sentencing in accordance with
4  18 U.S.C. § 3143(a)(2).

5  DATED this 28th day of March, 2008.

        FRANKLIN D. BURGESS
        UNITED STATES DISTRICT JUDGE

26  ORDER - 4