UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

BRIANA WATERS,

    Defendant.

Case No. CR05-5828 FDB

ORDER DENYING MOTION TO MODIFY RESTITUTION SCHEDULE

This matter comes before the Court on Defendant's pro se motion to modify restitution payments. The Court, having reviewed the motion, response and the remaining record, is fully informed and denies the motion to modify restitution payments.

**Introduction and Background**

On March 6, 2008, Briana Waters was found guilty on two counts of arson, both relating to the 2001 arson of the Center for Urban Horticulture at the University of Washington, a crime committed on behalf of the Earth Liberation Front (ELF). On June 19, 2008, this Court sentenced Waters to 72 months of imprisonment. The Court also ordered Waters to pay restitution to the University of Washington and the State of Washington in a total amount of $6,092,649.85.

ORDER - 1

Judgment at 5. As set forth in the Judgment, the Court ordered that Waters' restitution was due immediately, and that unpaid amounts be paid "[d]uring the period of imprisonment, no less than 25% of their inmate gross monthly income or $25.00 per quarter, whichever is greater, to be collected and disbursed in accordance with the Inmate Financial Responsibility Program." Judgment at 6. The Judgment further provided that this was "the minimum amount that the defendant is expected to pay . . . The defendant shall pay more than the amount established whenever possible." Id.

Waters was designated to serve her sentence at FCI Danbury, Connecticut. At FCI Danbury, Waters has been employed, and her monthly earnings have increased gradually to $39.18 in October 2009. In addition, Waters receives $275.00 each month from unidentified friends or family members. Thus, Waters currently either earns or receives a total of slightly more than $300.00 per month.

Waters has chosen to participate in the Inmate Financial Responsibility Program (IFRP). Participation in the IFRP is voluntary, but inmates who do not participate lose certain privileges. Pursuant to the IFRP, the Bureau of Prisons (BOP) currently is requiring Waters to pay $100.00 per month towards restitution. This amount is derived from using BOP's standard formula. See 28 C.F.R. § 545.11 and BOP Program Statement 5380.08.

Waters' instant request is that the restitution payments be reduced to the amount she currently earns and that she be entitled to keep the amounts deposited into her account by friends and/or family, rather than using any portion of these funds for restitution.

**Lack of Jurisdiction to Modify Restitution**

The Court lacks jurisdiction to modify the restitution order. The Court's authority to modify a term of imprisonment is constrained by 18 U.S.C. § 3582(c), which provides in pertinent part that "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. §

ORDER - 2

3582(c)(1)(B).  The Court is aware of no statute that would expressly permit it to modify Defendant's restitution obligations, and Defendant has not provided any.  Rule 35 applies only in very narrow circumstances and does not permit a court to simply reverse its decision about appropriate restitution. Fed. R. Civ. P. 35 permits the Court to "correct a sentence that resulted from arithmetical, technical, or other clear error" within seven days of sentencing.  Fed. R. Cr. P. 35(a). This exception does not apply at this late date.  Nor does Rule 35(b), which provides that the government may move for a reduction of sentence when a defendant has provided substantial assistance to the government.  Fed. R. Cr. P. 35(b). See also United States v. Penna, 319 F.3d 509, 512 (9th Cir. 2003).

A sentence that imposes an order of restitution is a final judgment notwithstanding the fact that such a sentence can subsequently be corrected, appealed and modified, amended, adjusted, or the defendant may be resentenced pursuant to relevant statutory provisions. 18 U.S.C. § 3664(o). There exists no statute or Criminal Rule that permits the court to modify the judgment to reduce the amount of restitution.

**Restitution Order Valid on the Merits**

Ms. Waters also appears to challenge the BOP's authority to set her payment schedule and to make restitution payments from her outside sources of income.  This challenge to the order of restitution fails in light of the Ninth Circuit's decision in United States v. Lemoine, 546 F.3d 1042 (9th Cir. 2008).  The Court noted in Lemoine that the BOP may obtain payments from funds earned through prison employment as well as from funds received from outside sources, such as money sent by relatives. 28 C.F.R. § 545.11(b).  The Court in Lemoine upheld the validity of the Inmate Financial Responsibility Program (IFRP). The Court held the Bureau of Prisons' operation of the IFRP does not constitute an unlawful delegation of authority to schedule restitution repayments. The Court found the restitution payment schedule, not unlike Defendant Waters' restitution schedule, to be a valid restitution repayment schedule.

ORDER - 3

Accordingly, Defendant's challenge to BOP's calculation of restitution fails.

**Conclusion**

For the above stated reasons,

IT IS ORDERED:

Defendant Waters' Motion to Modify Restitution Schedule [Dkt. # 468] is **DENIED**.

DATED this 14th day of January, 2010.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 4