Judge Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>       v.<br><br>BRIANA WATERS,<br><br>                      Defendant. | No. CR05-5828RBL<br><br>**PLEA AGREEMENT** |

The United States of America, by and through Jenny A. Durkan, United States Attorney for the Western District of Washington, and Andrew C. Friedman and Thomas M. Woods, Assistant United States Attorneys for said District, Defendant, Briana Waters, and her attorney, Neil M. Fox, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c):

      **1.**    **The Charges.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters her plea of guilty to the following charges contained in the Fifth Superseding Indictment.

            a.    Conspiracy, as charged in Count 1, in violation of Title 18, United States Code, Section 371;

            b.    Possessing an Unregistered Firearm, as charged in Count 4, in violation of Title 26, United States Code, Section 5861(d);

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

c. Arson, as charged in Count 5, in violation of Title 18, United States Code, Section 844(i); and

d. Using a Destructive Device During a Crime of Violence, as charged in Count 6, in violation of Title 18, United States Code, Section 924(c).

By entering pleas of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that, before entering her pleas, she will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2. **Elements of the Offenses.** The elements of the offense of Conspiracy, as charged in Count 1, are as follows:

First, at some time between 1996 and October 2001, there was an agreement between two or more persons to commit the crime of arson or the crime of using a destructive device during a crime of violence, as charged in the Fifth Superseding Indictment;

Second, Defendant joined the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, at some time between May 11, 2001, and October 2001 one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

The elements of the offense of Possessing an Unregistered Firearm, as charged in Count 2, are as follows:

First, on or about May 20, 2001, Defendant knowingly possessed, or aided and abetted another person's possession of, a destructive device; and

Second, the destructive device was not registered to Defendant or the other person in the National Firearms Registration and Transfer Record.

The elements of the offense of Arson, as charged in Count 5, are as follows:

First, Defendant damaged or destroyed, or aided and abetted in damaging or destroying, a building;

Second, Defendant or the person whom Defendant aided and abetted, used fire to do so;

Third, Defendant acted maliciously; and

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

Fourth, the building was used in interstate commerce or in activity affecting interstate commerce.

The elements of the offense of Using a Destructive Device During a Crime of Violence, as charged in Count 6, are as follows:

First, Defendant committed, or aided and abetted, the crime of damaging or destroying by fire a building used in interstate commerce as charged in Count 5;

Second, Defendant knowingly used, or aided and abetted the use of, a destructive device; and

Third, Defendant or the person whom defendant aided and abetted used the destructive device during and in relation to the crime of damaging or destroying a building by fire.

3. **The Penalties.** Defendant understands that the statutory penalties for the offense of Conspiracy as charged in Count 1 are as follows: imprisonment for up to five (5) years, a fine of up to two hundred fifty thousand and no/100 dollars ($250,000.00), a period of supervision following release from prison of up to three years, and a special assessment of one hundred and no/100 dollars ($100.00). If Defendant receives a sentence of probation, the probationary period could be up to five (5) years.

Defendant understands that the statutory penalties for the offense of Possessing an Unregistered Firearm as charged in Count 4 are as follows: imprisonment for up to ten (10) years, a fine of up to ten thousand and no/100 dollars ($10,000.00), a period of supervision following release from prison of up to three years, and a special assessment of one hundred and no/100 dollars ($100.00). If Defendant receives a sentence of probation, the probationary period could be up to five (5) years.

Defendant understands that the statutory penalties for the offense of Arson as charged in Count 5 are as follows: imprisonment for a mandatory-minimum term of five (5) years up to a maximum of twenty (20) years, a fine of up to two hundred fifty thousand and no/100 dollars ($250,000.00), a period of supervision following release from prison of up to three years, and a special assessment of one hundred and no/100 dollars ($100.00).

Defendant understands that the statutory penalties for the offense of Using a Destructive Device During a Crime of Violence as charged in Count 6 are as follows: imprisonment for a mandatory-minimum term of thirty (30) years up to a maximum of life imprisonment, consecutive to any other

sentence, a fine of up to two hundred fifty thousand and no/100 dollars ($250,000.00), a period of supervision following release from prison of up to five years, and a special assessment of one hundred and no/100 dollars ($100.00).

Defendant understands that supervised release is a period of time following imprisonment during which she will be subject to certain restrictions and requirements. Defendant further understands that, if supervised release is imposed and she violates one or more of its conditions, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant's serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that, in addition to any term of imprisonment and/or fine that is imposed, the Court may order her to pay restitution to any victim of her offenses, as required by law. Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office. Defendant further agrees that the special assessment shall be paid at or before the time of sentencing.

4. **Rights Waived by Pleading Guilty.** Defendant understands that, by pleading guilty, she knowingly and voluntarily waives the following rights:

  a. The right to plead not guilty and to persist in a plea of not guilty;

  b. The right to a speedy and public trial before a jury of her peers;

  c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for her;

  d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

  e. The right to confront and cross-examine witnesses against Defendant at trial;

  f. The right to compel or subpoena witnesses to appear on her behalf at trial;

  g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

  h. The right to appeal a finding of guilt or any pretrial rulings.

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

5. **United States Sentencing Guidelines.** Defendant understands and acknowledges that, at sentencing, the Court must consider the sentencing range calculated under the United States Sentencing Guidelines, together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offenses; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offenses, to promote respect for the law, and to provide just punishment for the offenses; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

  a. The Court will determine her applicable Sentencing Guidelines range at the time of sentencing;

  b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

  c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

  d. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

6. **Restitution.** Defendant shall make restitution to the State of Washington in the amount of four million one hundred thirty thousand and no/100 dollars ($4,130,000.00) and restitution to the University of Washington in the amount of one million nine hundred sixty-two thousand, six hundred forty-nine and 95/100 dollars ($1,962,649.95), for a total amount of six million ninety-two thousand, six hundred forty-nine and 95/100 dollars ($6,092,649.95). Defendant shall receive credit against this

amount for amounts already paid in restitution. Said restitution shall be due and payable immediately and shall be paid in accordance with a schedule of payments as proposed by the United States Probation Office and ordered by the Court.

7. **Statement of Facts.** The parties agree on the following facts. Defendant admits he is guilty of the charged offense

>During 2000 and 2001, Defendant, Briana Waters was acquainted with William Rodgers, who previously had committed arsons on behalf of the Earth Liberation Front and/or the Animal Liberation Front. In approximately April 2001, Rodgers told Defendant that he was planning to commit an "action" at the University of Washington, and asked Defendant to participate in the action. This action was to be targeted on the office of Toby Bradshaw, a professor at the University of Washington, whom Waters understood to be involved in genetic engineering of poplar trees.
>
>Defendant agreed to participate in the action as a lookout. Defendant subsequently participated in meetings with Rodgers, Jennifer Kolar, Lacey Phillabaum, and Justin Solondz, during which they made plans to set fire to Bradshaw's office. Defendant agreed that she would try and obtain a car to be used for transportation to and from the arson. Defendant subsequently persuaded a relative, who was not aware of the purpose, to rent a car. During the day or days prior to the arson, Defendant observed Solondz making incendiary devices, which were to be used in the arson in a "clean room" in the garage of a house in which Defendant was living.
>
>On the evening of May 20, 2001, Defendant, Rodgers, Solondz, and Phillabaum drove to Seattle in the rental car that Defendant had procured. Among other things, they took with them the incendiary devices that Solondz had made. This foursome then met with Kolar in Seattle and eventually traveled to the Center for Urban Horticulture. Solondz remained with the car, to serve as the getaway driver and a lookout. Waters hid in some bushes and also served as a lookout. The others used the incendiary devices Solondz had made to set fire to Professor Bradshaw's office within the Center for Urban Horticulture. Defendant and the other conspirators then left the area. The incendiary devices subsequently ignited. The resulting fire destroyed the Center for Urban Horticulture.
>
>Professor Bradshaw's research was funded in substantial part by a consortium of lumber companies that hoped the research would have practical application in improving the profitability of poplar farming. The lumber companies that funded Professor Bradshaw's research harvest and sell lumber throughout the United States and abroad. As a result, the Center for Urban Horticulture is a building used in interstate. commerce and in activity affecting interstate commerce. The incendiary devices that Solondz made fall within the definition of destructive devices. Neither Solondz, nor anyone else, registered the devices in the National Firearms Registration and Transfer Record.

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

In September 2001, Defendant participated in another arson at the Bureau of Land Management, Litchfield Wild Burro and Horse Corrals in Susanville, California. Although Defendant initially believed that this action would merely involve releasing horses, Defendant learned prior to the action that it also would involve arson of hay barns at the site. Other participants in the arson included Joseph Dibee, Jennifer Kolar, Stanislas Meyerhoff, Rebecca Rubin, Darren Thurston, and Kevin Tubbs.

In early 2008, Defendant stood trial in this case on charges that then were set forth in a Fourth Superseding Indictment. Defendant testified, in her own defense, that she was innocent of the charges against her and that she had no involvement in the arson of the University of Washington Center for Urban Horticulture. Defendant's testimony was false.

8. **Cooperation.**

a. Defendant shall cooperate completely and truthfully with law enforcement authorities in the investigation and prosecution of other individuals involved in criminal activity. Such cooperation shall include, but not be limited to, complete and truthful statements to law enforcement officers, as well as complete and truthful testimony if called as a witness before a grand jury, or at any state or federal trial, retrial, or other judicial proceedings. Defendant acknowledges that this obligation to cooperate shall continue after Defendant has entered guilty pleas and sentence has been imposed, no matter what sentence Defendant receives; Defendant's failure to do so may constitute a breach of this Plea Agreement.

b. Defendant understands the United States will tolerate no deception from Defendant. If, in the estimation of the United States Attorney, information or testimony provided from the date of the Plea Agreement, proves to be untruthful or incomplete in any way, regardless of whether the untruthfulness was intended to help or hurt the United States' case, the United States Attorney for the Western District of Washington may consider that Defendant has breached this Plea Agreement.

c. The United States Attorney's Office for the Western District of Washington, in turn, agrees not to prosecute Defendant for any other offenses, other than crimes of violence, that Defendant may have committed in the Western District of Washington prior to the date of this Agreement about which: (1) the United States presently possesses information; or (2) Defendant provides information pursuant to this Agreement to cooperate with the authorities.

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

d. The parties agree that information provided by Defendant in connection with this Plea Agreement shall not be used to determine Defendant's sentence, except to the extent described in USSG § 1B1.8.

e. In exchange for Defendant's cooperation, as described above, and conditioned upon Defendant's fulfillment of all conditions of this Plea Agreement, the United States Attorney agrees to consider filing a motion pursuant to 18 U.S.C. § 3553(e) and/or U.S.S.G. §5K1.1, recommending that the Court sentence Defendant to a sentence that reflects Defendant's cooperation as more specifically delineated in paragraph 9. Defendant understands that, in the event the United States Attorney files such a sentencing recommendation, that recommendation will be based on consideration of factors and provisions set forth in the United States Sentencing Guidelines and 18 U.S.C. § 3553(a).

f. Defendant agrees that Defendant's sentencing date may be delayed based on the United States' need for Defendant's continued cooperation and agrees not to object to any continuances of Defendant's sentencing date sought by the United States.

9. **Sentencing Recommendation.** Provided that Defendant cooperates with the government and that the government files a motion pursuant to 18 U.S.C. § 3553(e) and/or U.S.S.G. § 5K1.1, the parties agree that they each will recommend that the Court impose a sentence of 48 months' imprisonment. In the event that Defendant cooperates with the government and that the government files a motion pursuant to 18 U.S.C. §3553(e) and/or U.S.S.G. §5K1.1 and that Defendant's cooperation results in the discovery of significant additional evidence relating to the arson of the University of Washington Center for Urban Horticulture, beyond that provided by Defendant's own testimony, and which is admissible at any criminal trial stemming from that crime, the government may elect to recommend a sentence that is less than 48 months, but in no event less than time served (that is, approximately 37 months' imprisonment). In the event the Government recommends a sentence less than 48 months imprisonment, Defendant may also recommend that same sentence. Such additional evidence may be physical evidence, documentary evidence, or evidence from additional witnesses, provided that such evidence results directly from Defendant's cooperation. Defendant understands, however, that the government shall have sole discretion to determine whether it believes that

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

Defendant's cooperation has resulted in the discovery of significant additional evidence. Defendant also acknowledges that no one has promised or guaranteed what sentence the Court will impose.

10. **Other Recommendations.** The United States Attorney's Office for the Western District of Washington agrees that it will recommend to the Court and/or the Bureau of Prisons that Defendant be incarcerated at a facility as close to her family in California as possible, and more specifically, that she be incarcerated at the Federal Correctional Institution at Dublin, California.. The United States Attorney's Office for the Western District of Washington also agrees that it will recommend to the Bureau of Prisons that Defendant be permitted to serve the final six months of her sentence in a residential reentry center, pursuant to the provisions of the Bureau of Prisons' program allowing inmates to serve up to the final six months of a sentence in a residential reentry center. Defendant understands that these are recommendations, and that no one has promised or guaranteed that the Bureau of Prisons will follow the recommendations.

The United States Attorney's Office for the Western District of Washington also agrees that it will recommend to the Court and/or the Bureau of Prisons that in the event defendant is a litigant in any civil family action for which a hearing is set during her term of imprisonment arrangements be made for her to attend such hearing in person, or if that is not possible, telephonically.

11. **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees to move to dismiss Count 7 of the Fifth Superseding Indictment at the time of sentencing and not to prosecute Defendant for any additional offenses known to it as of the time of this Agreement that are based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In addition, the United States Attorney's Office for the Eastern District of California has agreed that it will not prosecute Defendant in connection with the October 15, 2001, arson of the Bureau of Land Management, Litchfield Wild Horse and Burro Corrals in Susanville, California. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

committed by Defendant. Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

12. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant also agrees that, if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the re-institution of any charges in the Fifth Superseding Indictment that were previously dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Agreement, Defendant should engage in illegal conduct, or conduct that is in violation of her conditions of release or confinement (examples of which include, but are not limited to: obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

13. **Waiver of Appeal.** As part of this Plea Agreement and on the condition that the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) that is determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:

  a.  any right conferred by Title 18, United States Code, Section 3742 to appeal the sentence, including any restitution order imposed; and

  b.  any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. 2241, to address the conditions of her confinement or the decisions of the Bureau of Prisons regarding the execution of her sentence.

  If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

  14. **Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter this plea of guilty.

  15. **Statute of Limitations.** In the event this Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

  16. **Completeness of Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties. This Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local

prosecutor, except to the extent that Paragraph 10 provides to the contrary with respect to the United States Attorney's Office for the Eastern District of California.

Dated this 14th day of June, 2011.

_____
BRIANA WATERS
Defendant

_____
NEIL M. FOX
Attorney for Defendant

_____
ANDREW C. FRIEDMAN
Assistant United States Attorney

_____
THOMAS M. WOODS
Assistant United States Attorney

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

INSTRUCTIONS FOR PAYING SPECIAL ASSESSMENTS PRIOR TO SENTENCING

1. Special Assessments paid prior to sentencing must be paid to the Clerk, United States District Court.

2. Special Assessments must be paid by a first party, certified, or cashiers check, or a money order. No second party checks will be accepted. No post-dated checks will be accepted.

3. All checks must be made out in U.S. dollars to "Clerk, U.S. District Court.

4. All checks or money orders must be accompanied by the attached form entitled, "Plea Agreement Special Assessment Payments." The entire form must be filled out or the Clerk, United States District Court, will not accept the payment.

PLEA AGREEMENT SPECIAL ASSESSMENT PAYMENT

DATE: _____

FROM: _____

TO: CLERK, U.S. DISTRICT COURT
    ATTN: INTAKE TEAM

CASE NAME: UNITED STATES v. BRIANA WATERS

CASE DOCKET NUMBER: CR05-5828RBL

DEFENDANT'S NAME: BRIANA WATERS

SINGLE OR MULTIPLE DEFENDANTS: SINGLE

TOTAL SPECIAL ASSESSMENT PER DEFENDANT AS SET FORTH IN THE PLEA AGREEMENT: $400.00

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970